UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

DAVID LEE WOLFE III                      CASE NO.  2:25-CV-01888

VERSUS                                   JUDGE JAMES D. CAIN, JR.

AMAR COMPANIES INC ET AL                 MAGISTRATE JUDGE DAVID J. AYO

## MEMORANDUM RULING

Before the Court are two Motions: (1) "Motion for Summary Judgment (Doc. 12) filed by Family Dollar Stores of Louisiana, LLC ("Family Dollar"), and (2) "Motion for Summary Judgment" (Doc. 14) filed by Defendant F.D. Portfolios, LLC ("F.D."). Both Defendants move to dismiss Plaintiff's claims made against them.

## BACKGROUND

On September 3, 2024, Plaintiff, David Lee Wolfe, III, slipped and fell in the parking lot premise of the Family Dollar store located in Oberlin, Louisiana.[1] On the day of the incident, Plaintiff was driving a pickup truck and towing a construction trailer.[2] He parked in an area where there were no marked parking spaces.[3] When parking, he noticed an accumulation of water in the area where he eventually parked.[4] When he stepped out of the truck onto the wet concrete and turned to shut the door, he slipped, causing him to fall onto his back.[5] He tried to regain his footing, but slipped and fell again.[6]

---

[1] F.D. Exhibit, Petition for Damages ¶ 3-5.
[2] F.D. Exhibit 1, David LeeWolfe, III depo. p. 70.
[3] *Id.* p. 71.
[4] *Id.* p. 78.
[5] *Id.* pp. 88, 90.
[6] *Id.* p. 92.

Plaintiff disputes that the water alone was the hazardous condition. He asserts the hazardous condition was black-algae biofilm, that coated the concrete under the water, which made the surface slippery.[7] The black-algae biofilm condition of the water was not visible to Plaintiff.[8]

F. D. admits that it was notified of the parking lot's accumulation of water issue about nineteen months before the September 3, 2024, incident.[9] Though, when notified, F.D. hired a construction company to install french drains in February 2023.[10] F.D. alleges that it did not receive any further notice of subsequent issues after the drains were installed.[11] Plaintiff disputes whether the installation of the drains was a reasonable response to the known condition of the parking lot.

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

---

[7] Plaintiff Exhibit, Norman Declaration ¶ 10-11.
[8] *Id.* ¶ 15.
[9] F.D. Exhibit 14-4, Responses to Plaintiff's Interrogatories.
[10] *Id.* number 19
[11] *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

This case is based on diversity jurisdiction, which provides that Louisiana substantive law shall apply. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938).

A duty/risk analysis is used to determine liability under Louisiana Civil Code article 2317.1. *Farrell v. Circle K, Inc.*, 2022-00849, p. 5 (La. 3/17/2023), 359 So. 3d 467, 473.

Article 2317.1 declares, "The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." A duty/risk analysis must prove five separate elements including: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element). *Farrell*, 359 So. 3d at 473 (citing *Boykin v. Louisiana Transit Co., Inc.*, 96-1932, pp. 8-9 (La. 3/4/98), 707 So. 2d 1225, 1230).

Articles 2315, 2316, 2317, and 2317.1 establish the duty that is owed to others. *Id.* There is no doubt that Defendants had a duty to protect Plaintiff from an unreasonable risk of harm. It must be proven that Defendants breached their duty to be liable. To determine breach, Louisiana applies a risk/utility balancing test with four factors. *Id.* at 474. One of these factors is the likelihood and magnitude of harm, including the obviousness and apparentness of harm. *Id.* A condition that is open and obvious is analyzed from a reasonable person's perspective. *Id.* at 478. The victim's knowledge is irrelevant. *Id.*

Defendants argue that they did not breach their duty because the water accumulation in the Family Dollar parking lot was open and obvious. Of significance, Plaintiff chose to park in an unmarked area of the parking lot in the middle of a large pool of water. Plaintiff

offers no evidence to provide that the water accumulation was an unreasonable dangerous condition, besides that there was black-algae biofilm in the water that was unseen. Yet, the *Farrell* Court determines that water and algae are not an unreasonable risk of harm. *Id.* at 479. "[A] pool of water at the edge of the parking lot or the slippery substance contained within the water, [is] not an unreasonable dangerous condition." *Id.* Also, a customer must practice ordinary care to avoid injury. *Bradly v. Wal-Mart Louisiana, L.L.C.*, 2021-0693, p. 5 (La. App. 1st Cir. 12/22/21), 340 So. 3d 18, 22 (citing *Primeaux v. Best Western Plus Houma Inn*, 2018-0841, p. 7 (La. App. 1st Cir. 2/28/19), 274 So. 3d 20, 28). The reasonable and ordinarily prudent person would not walk in a pool of water thinking there was no risk of danger.

Plaintiffs argue that the defendants knew of the water accumulation issue, but knowledge of the condition is a defense from liability. Because there is no liability, there is no need to analyze whether Defendants knew or should have known of the water accumulation in their parking lot.

Lastly, although breach is a mixed question of law and fact, summary judgment is not precluded. *Id.* at 478. If reasonable minds could only agree that a condition is not unreasonable dangerous, then summary judgment may be granted. *Id.* Therefore, summary judgment is appropriate in this case.

## CONCLUSION

For the reasons explained herein, the Court will grant the Motion for Summary Judgment (Doc. 12) filed by Family Dollar Stores of Louisiana, LLC and the Motion for

Summary Judgment (Doc. 14) filed by Defendant F.D. Portfolios, LLC, and dismiss

Plaintiff's claims against these Defendants.

**THUS DONE AND SIGNED** in chambers on this 2nd day of June, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**