UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

DAVID LEE WOLFE III                          CASE NO.  2:25-CV-01888

VERSUS                                       JUDGE JAMES D. CAIN, JR.

AMAR COMPANIES INC ET AL                     MAGISTRATE JUDGE DAVID J. AYO

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Motion for New Trial, Motion to Altar/Amend Judgment, and/or Motion for Relief from Judgment Relating to the Court's Grant of Defense Motions for Summary Judgment" (Doc. 30).

The Fifth Circuit has recognized motions that challenge a "prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) *abrogated on other grounds*.

Under Federal Rule of Civil Procedure 59(e), a Court is similarly empowered to alter or amend a judgment to correct a manifest error of law. *Waltman v. Int'l Paper co.*, 875 F.2d 468, 473 (5th Cir. 1989). An error is manifest where it is "plain and indisputable, and [] amounts to a complete disregard of the controlling law." *See Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019). The Court's decision to alter or amend a prior judgment is afforded great discretion and will not be disturbed on appeal absent an abuse of that discretion. *Southern Contractors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiff argues that the Court has relied to heavily on *Farrell v. Circle K Stores, Inc.*, 359 So.3d 467 (La. 2023), but that the *Farrell* case is distinguishable from the instant case, because in this case, Plaintiff supported his opposition to the Motion for Summary Judgment with an expert, whereas, in *Farrell,* there was no expert testimony.

Defendant argues that Plaintiff's Motion for Reconsideration must be denied because it fails to satisfy the stringent standards under Federal Rules of Civil Procedure 59(e) and 60(b). The Court agrees with Defendant that Plaintiff has not identified any intervening change in controlling law, newly discovered evidence, or manifest error. As such,

**IT IS ORDERED** that Plaintiff's Motion for New Trial, Motion to Altar/Amend Judgment, and/or Motion for Relief from Judgment Relating to the Court's Grant of Defense Motions for Summary Judgment (Doc. 30) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 29th day of July, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**